Henry, Bruce R., J.
This matter came on for a hearing on the plaintiffs motion for assessment of damages and for the entry of final judgment. After a hearing and a review of the materials submitted by the plaintiff, I find that the plaintiff is entitled to judgment in her favor in the amount of $50,000.00 plus costs and interest at the statutory rate.
The complaint in this matter was on 12, 2000. According to the return of service, the *83 defendant was served on October 31, 2000. Counsel for the plaintiff had some communication with an attorney who purportedly would represent the defendant; however, no answer or other response to the complaint was ever filed on behalf of the defendant. Default was entered against the defendant in October of 2004. The plaintiff filed a motion for an assessment of damages and a hearing was held on September 7, 2005.
The plaintiff was employed by the defendant from May 19, 1999, until she left that employment on June 16, 2000. During that time, her direct supervisor was Doris Thomas. The district manager was Wendell Jordan. During her employment, Ms. Cardona was subjected to sexual harassment by Mr. Jordan on numerous occasions. Such harassment was verbal and physical, with touching by Mr. Jordan of the plaintiffs buttocks, breast, and genital area and attempted kissing by Mr. Jordan. Despite the plaintiffs efforts to make it clear to Mr. Jordan that these actions and comments were not welcome, they continued. At one point, Ms. Cardona complained to Ms. Thomas, who told Mr. Jordan that this was his problem and that he needed to handle it. Mr. Jordan just laughed at the plaintiff. Ultimately, Ms. Cardona’s boyfriend became involved on her behalf and criminal charges were brought against Mr. Jordan.
I find that Ms. Cardona was subjected to sexual harassment by Mr. Jordan, one of her supervisors. That harassment included unwelcome sexual advances and other verbal and physical conduct of a sexual nature. The conduct by Mr. Jordan was severe and pervasive and had the purpose and effect of unreasonably interfering with the plaintiffs work performance by creating an intimidating, hostile, humiliating, and sexually offensive work environment. The harassment caused the plaintiff severe emotional distress.
I find that Ms. Cardona is entitled to damages for the emotional distress caused by the actions of Mr. Jordan in the amount of $50,000.

Order

For the foregoing reasons, IT IS ORDERED that judgment shall enter in favor of the plaintiff and against the defendant in the amount of $50,000.00 plus costs and interest at the statutory rate.